995 F.2d 235
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge TERAN-BELTRAN, Defendant-Appellant.
 No. 92-50594.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 4, 1993.
 
 Before: HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jorge Teran-Beltran (Teran) appeals his sentence to 30 months imprisonment and three years supervised release upon a plea of guilty to transportation of an undocumented alien in violation of 8 U.S.C. § 1324(a)(1)(B). Teran argues that the district court did not adequately explain its reasons for departing upward under the Sentencing Guidelines and did not sufficiently justify the extent of its departure. We affirm.
 
 
 3
 Teran contends that the district court gave too many reasons for departing from an applicable sentencing range of 18-24 months to a sentence of 30 months incarceration. He asserts, without full explanation, that some of the court's rationales were legally invalid while others were valid, and claims that the number of rationales makes it impossible to know whether the district court employed a reasoned basis for departure. Although the district court adopted certain portions of the presentence report, it is clear that the court based Teran's sentence on the analysis provided in the government's sentencing memorandum. The government proposed three bases for departure, including Application Note 8 to U.S.S.G. § 2L1.1, which Teran admits is a permissible basis for departure in the circumstances of this case. Teran does not challenge the legal validity of the other two bases discussed in the government memorandum. The government memorandum does not suggest Application Note 2 to U.S.S.G. § 3C1.2 as a basis for departure; therefore, we conclude that the district court did not rely on this improper basis in sentencing Teran.
 
 
 4
 Teran further contends that two bases for departure discussed in the government sentencing memorandum were not supported by facts in the record. We review for clear error the district court's factual findings supporting the existence of an identified circumstance permitting departure. United States v. Cruz-Ventura, 979 F.2d 146, 148 (9th Cir.1992). In light of the undisputed facts, which the district court found by adopting the government sentencing memorandum and portions of the presentence report, we conclude that the district court did not clearly err in determining that the record supported upward departure on the basis of U.S.S.G. §§ 5K2.6 and 5K2.14.
 
 
 5
 Teran also argues that the district court did not explain the extent of its departure, as this court has required. United States v. Hernandez-Rodriguez, 975 F.2d 622, 628 (9th Cir.1992). To the contrary, the district court, in expressly adopting the government's sentencing memorandum, provided a number of analogies to the Sentencing Guidelines in explaining the extent of departure. Teran incorrectly states that one of the court's analogies, to U.S.S.G. § 2A2.2, was explicitly rejected in Hernandez-Rodriguez, but otherwise does not challenge the analogies.
 
 
 6
 Finally, Teran complains that the district court never made clear whether it departed two levels from Teran's base offense level and sentenced at the high end of the 24-30 month range, or whether it departed four levels and sentenced at the low end of the 30-37 month range. The portions of the presentence report adopted by the district court recommended a four-level departure. The government papers adopted by the district court mention both options in recommending a 30-month sentence. Teran does not indicate, however, how this point bears on the reasonableness of the court's departure, and in fact does not even assert that the extent of departure was indeed unreasonable. This is not a case similar to Hernandez-Rodriguez, as Teran seems to suggest, in which the district court provided no explanation for the extent of its departure.
 
 
 7
 The decision of the district court is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3